Robert S. Sandman, Esquire (RS-8436)
HANKIN SANDMAN & PALLADINO
Counsellors at Law
A Professional Corporation
30 South New York Avenue
Atlantic City, New Jersey 08401
(609) 344-5161
roberts@hankinsandman.com
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **THE ESTATE OF CHARLIE ARROYO a/k/a CHARLES ARROYO, ISABEL ARROYO, Administratrix; ISABEL ARROYO Administratrix ad Prosequendum o.b.o. the Estate Of Charlie Arroyo a/k/a Charles Arroyo; ISABEL ARROYO, individually; GILBERTO ARROYO, SR., individually; and BETSY ARROYO, individually,** | Civil Case No.: **1:10-cv-05831-NLH-AMD** |
| | **FIRST AMENDED COMPLAINT AND JURY DEMAND** |
| **Plaintiffs,** | |
| v. | |
| **CITY OF EGG HARBOR; EGG HARBOR CITY POLICE DEPARTMENT; EGG HARBOR CITY POLICE CHIEF, JOHN MCCOLGAN; OFFICER DAVID V. ALDRIDGE; OFFICER MARCELLA AYLWIN; OFFICER DYLAN HUTTON; OFFICER RICHARD C. CANTZ; TOWNSHIP OF MULLICA; MULLICA TOWNSHIP POLICE DEPARTMENT; MULLICA TOWNSHIP POLICE CHIEF, JOSEPH BARBERA; OFFICER PAUL A. REGISTER; JOHN DOE # 1-10 and JOHN DOE ENTITY # 1-5,** | |
| **Defendants.** | |

Plaintiffs, the Estate of Charlie Arroyo a/k/a Charles Arroyo, Isabel Arroyo Administratrix;

Isabel Arroyo, Administratrix ad Prosequendum for the Estate of Charlie Arroyo a/k/a Charles

Arroyo; Isabel Arroyo, individually; Gilberto Arroyo, Sr., individually; and Betsy Arroyo, individually, by way of Complaint in this matter, hereby say:

1.      The City of Egg Harbor at all times relevant hereto, was a Municipality within Atlantic County, New Jersey entrusted with the oversight of the Egg Harbor City Police Department, its employees, servants, agents and ostensible agents and located at 500 London Avenue, Egg Harbor City, New Jersey, Atlantic County, New Jersey.

2.      The Egg Harbor City Police Department at all relevant times hereto, was a governmental entity entrusted with providing police services to the community and residents of the City of Egg Harbor by and through its employees, servants, agents and ostensible agents and located at 500 London Avenue, Egg Harbor City, New Jersey, Atlantic County, New Jersey.

3.      Chief John McColgan at all times relevant hereto, was an officer, special officer, sergeant, employee, servant, agent or ostensible agent of the Egg Harbor City Police Department and an adult resident of the State of New Jersey.

4.      Officer David V. Aldridge at all times relevant hereto, was an officer, special officer, sergeant, employee, servant, agent or ostensible agent of the Egg Harbor City Police Department and an adult resident of the State of New Jersey.

5.      Officer Marcella Aylwin at all times relevant hereto, was an officer, special officer, sergeant, employee, servant, agent or ostensible agent of the Egg Harbor City Police Department and an adult resident of the State of New Jersey.

6.      Officer Dylan Hutton at all times relevant hereto, was an officer, special officer, sergeant, employee, servant, agent or ostensible agent of the Egg Harbor City Police Department and an adult resident of the State of New Jersey.

7.      Officer Richard C. Cantz at all times relevant hereto, was an officer, special officer, sergeant, employee, servant, agent or ostensible agent of the Egg Harbor City Police Department and an adult resident of the State of New Jersey.

8.      The Township of Mullica at all times relevant hereto, was a Municipality within Atlantic County, New Jersey entrusted with the oversight of the Mullica Township Police Department, its employees, servants, agents and ostensible agents and located at 4528 White Horse Pike, Mullica Township, New Jersey, Atlantic County, New Jersey.

9.      The Mullica Township Police Department at all relevant times hereto, was a governmental entity entrusted with providing police services to the community and residents of the Mullica Township by and through its employees, servants, agents and ostensible agents and located at 4528 White Horse Pike, New Jersey, Atlantic County, New Jersey.

10.     Chief Joseph Barbera at all times relevant hereto, was an officer, special officer, sergeant, employee, servant, agent or ostensible agent of the Mullica Township Police Department and an adult resident of the State of New Jersey.

11.     Officer Paul A. Register at all times relevant hereto, was an officer, special officer, sergeant, employee, servant, agent or ostensible agent of the Mullica Township Police Department and an adult resident of the State of New Jersey.

12.     John Does # 1 - 10 at all relevant times hereto were as yet unidentified individual employees, servants, agents or ostensible agents of the Egg Harbor City Police Department, City of Egg Harbor,  Mullica Police Department, Township of Mullica and/or John Doe Entities # 1 - 5.

13.     John Doe Entities # 1 - 5 at all relevant times hereto were as yet unidentified businesses, corporations, or entities whose employees, servants, agents and/or ostensible agents were responsible for the happening of the incident that is the subject of this litigation as more fully set forth below.

## DECEDENT'S PSYCHIATRIC CONDITION

14.     On or about October 18, 2008, decedent, Charlie Arroyo a/k/a Charles Arroyo, resided alone at 103 Buffalo Avenue, Apartment B, Egg Harbor City, Atlantic County, New Jersey 08219.

15.     As of October 18, 2008, decedent had a known past medical history of paranoid schizophrenia.

16.     Decedent was under medical/psychiatric treatment and care for his condition.

17.     Despite his psychiatric history, decedent was a functioning individual in the community in which he lived.

18.     Despite his psychiatric history, decedent was a generally healthy individual who engaged in social activities with family.

19.     For a short period of time, prior to the incident that is the subject of this litigation, decedent was involuntarily committed to the Hampton Behavioral Health Center where he obtained

treatment and was ultimately released whereupon decedent took part in an out-patient care program at AtlantiCare Regional Medical Center.

20.     Members of the Egg Harbor Township Police Department were aware of the decedent's medical/psychological condition and had encountered the decedent prior to October 18, 2010 when the decedent was suffering from schizophrenic episodes.

## THE OCTOBER 18, 2008 INCIDENT

21.     On or about October 18, 2008, decedent was visiting his mother, Isabel Arroyo's home at 457 Havana Avenue in Egg Harbor City.

22.     During this visit, decedent began experiencing a schizophrenic episode whereupon Isabel Arroyo contacted decedent's sister, Betsy Arroyo, on the phone who then contacted the Egg Harbor City Police Department for assistance.

23.     Shortly thereafter, Officers David V. Aldridge and Marcella Aylwin of the Egg Harbor City Police Department arrived at Isabel Arroyo's home to find decedent in a bedroom leaning against Isabel Arroyo preventing her from leaving the bedroom.

24.     Officers Aldridge and Aylwin began talking with the decedent to try and calm him down and allow Isabel Arroyo to leave the bedroom.

25.     Shortly thereafter, Betsy Arroyo arrived at Isabel Arroyo's house whereupon Officers Aldridge and Aylwin told Betsy Arroyo that they were waiting for backup.

26.     Shortly thereafter, Officers Richard C. Cantz and Dylan Hutton of the Egg Harbor City Police Department arrived at the scene and entered the bedroom.

27.     At some point, Isabel Arroyo was able to leave the bedroom at which point Isabel Arroyo and Betsy Arroyo stood near the doorway and watched what was happening to decedent in the bedroom.

28.     Each of the four (4) officers took a position near the corners of the bed to pin down the decedent.

29.     The officers sprayed massive doses of pepper spray on and around the decedent's face and while his head was hanging off the side of the bed.

30.     At or about this time, Officer Paul A. Register of the Mullica Police arrived at the scene and entered the bedroom.

31.     Officer Register immediately began punching and beating the decedent about the face and chest until decedent fell unconscious.

32.     Isabel Arroyo and Betsy Arroyo witnessed all of this transpire.

33.     At one point Isabel Arroyo even tried to re-enter the bedroom to help protect the decedent.

34.     During this entire incident, the decedent's father, Gilberto Arroyo, Sr., (who is legally blind) was in another room of the house but heard what was happening to decedent in the bedroom.

35.     At some point the decedent was handcuffed in the bedroom and then dragged outside by the officers and placed on the ground.

36.     An ambulance eventually arrived whereupon the decedent was un-handcuffed, placed on a stretcher, re-handcuffed to the stretcher and put into the ambulance.

37.     The police officers were then standing around at which point someone exited the ambulance and exclaimed that the decedent needed CPR.

38.     In response, some of the police officers went into the ambulance and closed the door.

39.     An officer then told Isabel Arroyo and Betsy Arroyo to go to the police station.

40.     After arriving at the police station, an officer told Isabel Arroyo and Betsy Arroyo to go to the hospital.

41.     When Isabel Arroyo and Betsy Arroyo arrived at the hospital they were told that the decedent had passed away.

42.     During the course of the events that lead to the death of the decedent, the police officers unnecessarily assaulted the decedent.

43.     The police officers escalated and aggravated the situation by using excessive and unreasonable force under the circumstances.

44.     The Defendants collectively and individually employed methods of excessive and/or deadly force that were unwarranted under the circumstances and reasonably foreseeable to lead to the serious bodily injury and/or death of decedent.

45.     The aforementioned police officers acted in a malicious, wilful, wanton and reckless manner and in bad faith.

46.     The aforementioned conduct, through the acts and/or omissions of the police officers was done under the color of law and was reasonably foreseeable to lead to the serious bodily injury and/or death of the decedent.

47.     The aforementioned conduct, through the acts and/or omissions of the police officers was in violation of the decedent's civil rights and was otherwise negligent, reckless, careless, improper and in violation of Federal, State and Common Law.

48.     The Egg Harbor City Police Department, City of Egg Harbor, Mullica Township Police Department and Township of Mullica and John Doe Entities #1-5 were all governmental entities and/or private entities that were acting under the color of law who failed to properly supervise, hire and train the above-captioned individually named defendants in violation of Federal, State and Common Law.

49.     The Egg Harbor City Police Department, City of Egg Harbor, Mullica Township Police Department and Township of Mullica and John Doe Entities 1-5 were all governmental entities and/or private entities acting under State color of law that have, or should have had policies, procedures, rules, regulations, directives and/or guidelines and training for the proper handling of individuals with emotional and/or psychological conditions and such entities failed to properly supervise and train its employees, servants, agents and ostensible agents to abide by such policies, procedures, rules, regulations, directives and/or guidelines to properly control individuals and avoid injuries that include, but are not limited to suffocation, compression and/or positional asphyxia or which would otherwise lead to induced heart failure or other fatal condition which was suffered by the decedent who was only thirty-one (31) years old at the time.

50.     The Egg Harbor City Police Department, City of Egg Harbor, Mullica Township Police Department and Township of Mullica and John Doe Entities 1-5 were all governmental

entities and/or private entities acting under color of law that had no adequate policies, procedures, regulations and/or guidelines for the proper handling of individuals with emotional and/or psychological conditions.

## JURISDICTION AND VENUE

51.     Jurisdiction in this court is invoked pursuant to 42 U.S.C. §1983 and 42 U.S.C. § § 12101 et. seq.  Plaintiff also invokes the pendant jurisdiction of this court to hear and decide claims arising under State law.

52.     The practices alleged in this Complaint were committed in the District of New Jersey, wherein upon all reasonable belief, all the parties reside, govern and operate.  Therefore, venue in this court is invoked under 28 U.S.C. § § 1331 and 1343(1), (3) and (4).

53.     On November 10, 2010, this matter was also removed by Defendants from the Superior Court of New Jersey Law Division (Atlantic County) to this Federal District Court pursuant to 28 U.S.C. § § 1331, 1367(a), 1441 (a through c) and 1446.

## COUNT ONE

### (NEW JERSEY WRONGFUL DEATH ACT N.J.S.A. 2A:31-1, ET SEQ.)

54.     Plaintiffs incorporate the previous paragraphs of this Complaint as if fully set forth herein.  Isabel Arroyo, Administratrix Ad Prosequendum of the Estate of Charlie Arroyo brings this claim on behalf of the decedent's parents, Isabel Arroyo and Gilberto Arroyo, Sr.

55.     Defendant's wrongful conduct is violative of the Wrongful Death Act of New Jersey, N.J.S.A. 2A:31-1 et seq.

56.    Defendant's wrongful acts approximately caused Plaintiffs to incur damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, City of Egg Harbor; Egg

Harbor City Police Department; Egg Harbor City Police Chief, John Mccolgan; Officer David V.

Aldridge; Officer Marcella Aylwin; Officer Dylan Hutton; Officer Richard C. Cantz; Township of

Mullica; Mullica Township Police Department; Mullica Township Police Chief, Joseph Barbera;

Officer Paul A. Register; John Does # 1-10 and John Doe Entities # 1-5, for:

        A.      Damages of at least $5,000,000.00;

        B.      Attorneys' fees and costs; and

        C.      Such other relief as the Court deems equitable and just.

## COUNT TWO

### (NEW JERSEY SURVIVOR ACT, N.J.S.A. 2A:15-3, ET SEQ.)

57.    Plaintiffs incorporate the previous paragraphs of this Complaint as if fully set forth

herein.

58.    The decedent suffered extreme pain during the last moments of his life as the police

officers were attacking him.

59.    Plaintiffs bring this claim under the New Jersey Survivors Act, N.J.S.A. 2A:15-3 et

seq. to recover damages which were proximately caused by the Defendants' wrongful conduct.

WHEREFORE, Plaintiffs demand judgment against Defendants, City of Egg Harbor; Egg

Harbor City Police Department; Egg Harbor City Police Chief, John Mccolgan; Officer David V.

Aldridge; Officer Marcella Aylwin; Officer Dylan Hutton; Officer Richard C. Cantz; Township of

Mullica; Mullica Township Police Department; Mullica Township Police Chief, Joseph Barbera; Officer Paul A. Register; John Does # 1-10 and John Doe Entities # 1-5, for:

   A.   Damages of at least $5,000,000.00;

   B.   Attorneys' fees and costs; and

   C.   Such other relief as the Court deems equitable and just.

## COUNT THREE

### (*PORTEE V. JAFFE*, CLAIMS)

60.   Plaintiffs incorporate the previous paragraphs of this Complaint as if fully set forth herein.

61.   The decedent's mother, Isabel Arroyo, and sister, Betsy Arroyo, observed the police officers violently attacked the decedent and witnessed the decedent suffering.

62.   The decedent's father, Gilberto Arroyo, Sr., who is blind, was in the next room and could hear as the decedent was being attacked by the police officers.

63.   The police officers' wrongful conduct caused Isabel Arroyo, Betsy Arroyo and Gilberto Arroyo, Sr. to suffer severe emotional trauma as the decedent was repeatedly sprayed with pepper spray and beaten about the face and chest until he was rendered unconscious.

64.   Plaintiffs, Isabel Arroyo, Betsy Arroyo and Gilberto Arroyo, Sr. have sustained severe damages as a result of the police officers' wrongful conduct.

WHEREFORE, Plaintiffs demand judgment against Defendants, City of Egg Harbor; Egg Harbor City Police Department; Egg Harbor City Police Chief, John Mccolgan; Officer David V.

Aldridge; Officer Marcella Aylwin; Officer Dylan Hutton; Officer Richard C. Cantz; Township of

Mullica; Mullica Township Police Department; Mullica Township Police Chief, Joseph Barbera;

Officer Paul A. Register; John Does # 1-10 and John Doe Entities # 1-5, for:

A.    Damages of at least $5,000,000.00;

B.    Attorneys' fees and costs; and

C.    Such other relief as the Court deems equitable and just.

## COUNT FOUR

### (STATE CONSTITUTIONAL and CIVIL RIGHTS VIOLATIONS)

65.    Plaintiffs hereby incorporate all of the foregoing allegations as though fully set forth

herein.

66.    Each and every above-captioned defendants' acts and/or omissions as set forth above

deprived decedent of his rights and privileges afforded him under Article I, paragraphs 1, 5, 12, 21

and 22 of the New Jersey Constitution and/or the New Jersey Civil Rights Act, N.J.S.A. § 10:6-1,

et seq.

67.    Each and every above-captioned defendants' acts and/or omissions as set forth above

deprived decedent of his rights to procedural and substantive due process under Article I, paragraph

1 of the New Jersey Constitution. This includes but is not limited to his right to be free and

independent and his right to safety and happiness.

68.     Each and every above-captioned defendants' acts and/or omissions as set forth above denied decedent of the enjoyment of his civil rights under Article I, paragraph 5 of the New Jersey Constitution.

69.     Each and every above-captioned defendants' acts and/or omissions as set forth above deprived decedent of his rights to be free from the infliction of cruel and unusual punishment under Article **I,** paragraph 12 of the New Jersey Constitution.

70.     Each and every above-captioned defendants' acts and/or omissions as set forth above deprived decedent of his rights to be treated with fairness, compassion and respect by the criminal justice system under Article I, paragraph 22 of the New Jersey Constitution.

71.     As each and every above-captioned defendants' acts and/or a direct and proximate cause of omissions as set forth above decedent sustained severe mental anguish, emotional distress and physical injury resulting in his untimely death.

72.     Plaintiffs invoke the Doctrine of *Res Ipsa Loquitur,* Ostensible Agency and *Respondeat Superior.*

WHEREFORE, Plaintiffs demand judgment against Defendants, City of Egg Harbor; Egg Harbor City Police Department; Egg Harbor City Police Chief, John Mccolgan; Officer David V. Aldridge; Officer Marcella Aylwin; Officer Dylan Hutton; Officer Richard C. Cantz; Township of Mullica; Mullica Township Police Department; Mullica Township Police Chief, Joseph Barbera; Officer Paul A. Register; John Does # 1-10 and John Doe Entities # 1-5, for:

> A.     Damages of at least $5,000,000.00;
>
> B.     Attorneys' fees and costs; and

C.      Such other relief as the Court deems equitable and just.


## COUNT FIVE

### (UNITED STATES CONSTITUTIONAL VIOLATIONS)

73.     Plaintiffs hereby incorporate all of the foregoing allegations as though fully set forth herein.

74.     Each and every above-captioned defendants' acts and/or omissions as set forth above deprived decedent of his right to be free of deprivation of life and liberty without due process of law under the Fifth Amendment of the Constitution of the United States which is actionable under 42 U.S.C. 1983-and affords Plaintiffs remedies as more fully set forth below.

75.     Each and every above-captioned defendants' acts and/or omissions as set forth above deprived decedent of his right to be informed of the nature and cause of the accusations against him under the Sixth Amendment of the Constitution of the United States which is actionable under 42 U.S.C. 1983 and affords Plaintiffs remedies as more fully set forth below.

76.     Each and every above-captioned defendants' acts and/or omissions as set forth above deprived decedent of his right to be free from the infliction of cruel and unusual punishment under the Eighth Amendment of the Constitution of the United States which is actionable under 42 U.S.C. 1983 and affords Plaintiffs remedies as more fully set forth below.

77.     Each and every above-captioned defendants' acts and/or omissions as set forth above deprived decedent of his right to be free from deprivation of life and liberty without due process of

law under the Fourteenth Amendment of the Constitution of the United States which is actionable under 42 U.S.C. 1983 and affords Plaintiffs remedies as more fully set forth below.

78.     Each and every above-captioned defendants' acts and/or omissions as set forth above were undertaken to deprive decedent of Equal Protection guaranteed under the Fifth and Fourteenth Amendments of the Constitution of the United States which is actionable under 42 U.S.C. 1983 and affords Plaintiffs remedies as more fully set forth below.

79.     Defendants are liable for punitive damages under 42 U.S.C. § 1983 because they were motivated by evil motive or intent and/or they showed a deliberate indifference, recklessness or callous indifference to the federally protected rights of decedent, thereby violating the United States Constitution.

80.     As a direct and proximate cause of each and every above-captioned defendants' acts and/or omissions as set forth above decedent sustained severe mental anguish, emotional distress and physical injury resulting in his untimely death.

81.     Plaintiffs invoke the Doctrine of *Res Ipsa Loquitur,* Ostensible Agency and *Respondeat Superior.*

WHEREFORE, Plaintiffs demand judgment against Defendants, City of Egg Harbor; Egg Harbor City Police Department; Egg Harbor City Police Chief, John Mccolgan; Officer David V. Aldridge; Officer Marcella Aylwin; Officer Dylan Hutton; Officer Richard C. Cantz; Township of Mullica; Mullica Township Police Department; Mullica Township Police Chief, Joseph Barbera; Officer Paul A. Register; John Does # 1-10 and John Doe Entities # 1-5, for:

A.     Damages of at least $5,000,000.00;

B.    Attorneys' fees and costs; and

C.    Such other relief as the Court deems equitable and just.

## COUNT SIX

## (NEGLIGENCE)

82.    Plaintiffs hereby incorporate all of the foregoing allegations as though fully set forth herein.

83.    Each and every above-captioned defendant owed decedent a duty of reasonable care which was breached to his great detriment.

84.    Each and every above-captioned defendants' acts and/or omissions as set forth above was negligent, reckless and/or grossly negligent.

85.    As a direct and proximate cause of each and every above-captioned defendants' acts and/or omissions as set forth above decedent sustained severe mental anguish, emotional distress and physical injury resulting in his untimely death.

86.    Plaintiffs invoke the Doctrine of *Res Ipsa Loquitur,* Ostensible Agency and *Respondeat Superior.*

WHEREFORE, Plaintiffs demand judgment against Defendants, City of Egg Harbor; Egg Harbor City Police Department; Egg Harbor City Police Chief, John Mccolgan; Officer David V. Aldridge; Officer Marcella Aylwin; Officer Dylan Hutton; Officer Richard C. Cantz; Township of Mullica; Mullica Township Police Department; Mullica Township Police Chief, Joseph Barbera; Officer Paul A. Register; John Does # 1-10 and John Doe Entities # 1-5, for:

A.      Damages of at least $5,000,000.00;

B.      Attorneys' fees and costs; and

C.      Such other relief as the Court deems equitable and just.

## COUNT SEVEN

### (AMERICANS WITH DISABILITIES ACT ["ADA"] VIOLATIONS)

87.      Plaintiffs hereby incorporate all of the foregoing allegations as though fully set forth herein.

88.      As a result of his previously diagnosed and well-known medical/psychological condition, decedent was deemed to have been disabled, thus entitling him to certain protections pursuant to 42 U.S.C. § § 12101 et seq.

89.      Each and every above-captioned defendant knew or should have known that decedent had a medical/psychological condition rendering him disabled and thus entitling him to the protection of the ADA.

90.      The ADA defines "public entity" to include any State or local government, any department, agency, special purpose district or other instrumentality of a State or States or local government. Each and every above-captioned defendant falls squarely within that definition.

91.      Each and every above-captioned defendant owed defendant a duty to refrain from conduct that violated the ADA.

92.      Each and every above-captioned defendant, through their acts and/or omissions, violated the ADA to decedent's great detriment.

93.     As a direct and proximate cause of each and every above-captioned defendants' acts and/or omissions as set forth above decedent sustained severe mental anguish, emotional distress and physical injury resulting in his untimely death.

94.     Plaintiffs invoke the Doctrine of *Res Ipsa Loquitur,* Ostensible Agency and *Respondeat Superior.*

WHEREFORE, Plaintiffs demand judgment against Defendants, City of Egg Harbor; Egg Harbor City Police Department; Egg Harbor City Police Chief, John Mccolgan; Officer David V. Aldridge; Officer Marcella Aylwin; Officer Dylan Hutton; Officer Richard C. Cantz; Township of Mullica; Mullica Township Police Department; Mullica Township Police Chief, Joseph Barbera; Officer Paul A. Register; John Does # 1-10 and John Doe Entities # 1-5, for:

A.      Damages of at least $5,000,000.00;

B.      Attorneys' fees and costs; and

C.      Such other relief as the Court deems equitable and just.

HANKIN SANDMAN & PALLADINO
Counsellors at Law
A Professional Corporation

DATED: December 1, 2010          By      */s/ Robert S. Sandman*
                                          ROBERT S. SANDMAN, ESQUIRE (RS-8436)
                                          *Attorneys for Plaintiffs*

## JURY DEMAND

Trial by Jury is requested as to all issues.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that **Robert S. Sandman, Esquire**, of the law firm of Hankin, Sandman & Palladino, Counsellors-at-Law, a Professional Corporation, attorney for Plaintiffs, is hereby designated as trial counsel.

## CERTIFICATION

I, ROBERT S. SANDMAN, of full age, hereby certify as follows:

1.      I am an attorney-at-law licensed to practice in the State of New Jersey and am a partner in the law firm of Hankin, Sandman & Palladino, Counsellors-at-Law, a Professional Corporation.

2.      I am the attorney for Plaintiffs and am entrusted with the handling of this matter.

3.      To the best of my knowledge, is not the subject of any other action pending in any Court or of a pending arbitration proceeding being contemplated.

4.      I am not aware of any other party who should be joined in this action, except as may be revealed through discovery and which is provided for by the insertion of the "John Doe" clauses.

5.      I understand that I have a continuing obligation during the course of this litigation to file and serve on all other parties and with the Court an amended Certification if there is a change in the facts stated in this Certification.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me in the above Certification are wilfully false, I am subject to punishment.

HANKIN SANDMAN & PALLADINO
Counsellors at Law
A Professional Corporation

DATED: December 1, 2010          By      */s/ Robert S. Sandman*
                                                 ROBERT S. SANDMAN, ESQUIRE (RS-8436)